UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CLAUDIA ZARNESKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADIDAS AMERICA, INC.,<br><br>Defendant. | CASE NO.:<br><br>Removed from the<br>Seventh Judicial Circuit in and for<br>Volusia County, Florida<br>Case No: 2021 30201 CICI<br>Division 32 |

**DEFENDANT ADIDAS AMERICA, INC.'S NOTICE OF REMOVAL**

Defendant adidas America, Inc., by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action from the Circuit Court in and for Volusia County, Florida, to the United States District Court for the Middle District of Florida. In support of removal, Adidas states as follows:

**Procedural History and Timeliness of Removal**

1.    On February 15, 2021, Plaintiff Claudia Zarnesky, on behalf of herself and a purported class of other Florida residents, filed an action entitled *Claudia Zarnesky v. adidas America, Inc.*, Case No. 2021 30201 CICI, in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida.

1

2. Adidas was served on February 24, 2021. Adidas' removal notice, filed within thirty days of service, is timely. *See* 28 U.S.C. §§ 1446(b), 1453(b); Fed. R. Civ. P. 6(a).

3. In accordance with Local Rule 1.06(b) and pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the case are attached as Composite Exhibit A.

4. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) because the state court action is pending in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, which lies within the Middle District of Florida.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and supporting documents is being served on Plaintiff and filed with the Clerk of the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida.

**Basis for Removal Jurisdiction**

6. <u>Generally</u>. This action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), because this action is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the

aggregate is [not] less than 100," (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and (5) no CAFA exclusions apply. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

7. <u>Covered Class Action</u>. This action qualifies as a "class action" removable under § 1332(d)(1)(B). Plaintiff purports to bring the action on behalf of "[a]ll persons residing within the State of Florida" who visited Adidas' website (www.adidas.com) and allegedly had their "electronic communications intercepted." (Compl. ¶¶ 10, 20.) Plaintiff alleges that the class "is believed to be no [fewer] than 100 individuals." (*Id.* ¶ 22; *see also* Exhibit B, Declaration of Vignesh Chandrasekhar, ¶ 3.) As such, the size of the putative class in this case exceeds CAFA's 100-member proposed requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

8. <u>Diversity</u>. CAFA's minimal diversity standard is met as long as any one defendant is a citizen of a different state from any member of the class of plaintiffs. 28 U.S.C. § 1332(d)(2)(A).

    a. Plaintiff alleges she is a citizen and resident of Volusia County, Florida. (Compl. ¶ 5.) The putative class is composed solely of Florida residents. (*Id.* ¶ 22.)

    b.  Adidas is an Oregon corporation with its principal place of business in Oregon. (Exhibit C, Declaration of Kurt Tandan, ¶ 2; *see also* Compl. ¶ 6.)

  Thus, this putative class action satisfies the diversity requirements of 28 U.S.C. § 1332(d)(2)(A) because Plaintiff alleges any member of a class of plaintiffs (Florida) is a citizen of a state different from any defendant (Oregon).

  9.  <u>Amount in Controversy — Alleged Damages</u>. Under CAFA, the claims of individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). The alleged amount in controversy in this action meets this requirement. Plaintiff seeks "[a]n award of actual, liquidated damages, and/or punitive statutory damages," in addition to declaratory and injunctive relief, under the Florida Security of Communications Act ("FSCA"). (Compl. ¶ 1 & "Prayer for Relief" ¶¶ A–C.) Without conceding any merit to Plaintiff's damages allegations or FSCA cause of action, the amount in controversy here satisfies CAFA's jurisdictional threshold given Plaintiff's prayer for damages alone.

  Specifically, Plaintiff invokes Fla. Stat. § 934.10(1)(b) (Compl. ¶ 39), which authorizes recovery of "[a]ctual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever

is higher." Given this statutory minimum of $1,000 per violation, a putative class of more than 5,000 individuals would put more than $5,000,000 in controversy. Adidas' records show that during the past two years, more than 5,000 visitors to www.adidas.com have made purchases using a Florida billing address. (Exhibit B, Declaration of Vignesh Chandrasekhar, ¶ 3.) Based on Plaintiff's allegations and for purposes of satisfying the jurisdictional perquisite of CAFA only and making no admissions, the amount in controversy therefore exceeds $5,000,000, exclusive of interest and costs. (*See also* Compl. ¶ 28 (alleging "aggregate damages . . . potentially in the millions of dollars").) Adidas disputes that it is liable to Plaintiff or the putative class (or that Plaintiff or the putative class suffered injury) and makes no admission as to whether class action treatment is appropriate or warranted in this case.

10. <u>No CAFA Exclusions</u>.  This action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Adidas is not a citizen of the State of Florida, the state where the action was filed.

## Demand for Jury Trial

11. Adidas demands trial by jury on all issues raised in this action upon which a jury trial is permitted.

* * *

Accordingly, Adidas respectfully requests that this action be removed from the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, and proceed in the United States District Court for the Middle District of Florida, Orlando Division, as an action properly removed to it. By filing this notice of removal, Adidas does not waive, either expressly or implicitly, its right to assert any defense that it could have asserted in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida.

**DATED** this 25th day of March, 2021.

Respectfully Submitted,

/s/ Johanna E. Sheehe
Johanna E. Sheehe (Lead Counsel)
Florida Bar No.: 119383
jsheehe@sheeheassociates.com
Philip J. Sheehe
Florida Bar No.: 259128
psheehe@sheeheassociates.com
SHEEHE & ASSOCIATES, P.A.
9830 Southwest 77th Avenue
Suite 215
Miami, Florida 33156
Telephone: 305-379-3515

-and-

        Purvi G. Patel (*pro hac vice to be filed*)
        MORRISON & FOERSTER LLP
        707 Wilshire Boulevard, Suite 6000
        Los Angeles, California 90017-3543
        Telephone: (213) 892-5296
        E-Mail: ppatel@mofo.com

        *Attorneys for Defendant,*
        *adidas America, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served upon **Garrett O. Berg, Esq.**, (gberg@shamisgentile.com), and **Andrew J. Shamis, Esq.**, (ashamis@shamisgentile.com), Shamis & Gentile, P.A., 14 NE 1st Avenue, Suite 705, Miami, Florida 33132;  **Scott Edelsberg, Esq.**, (scott@edelsberglaw.com), Edelsberg Law, P.A., 20900 NE 30th Avenue, Suite 417, Aventura, Florida 33180 and **Manuel Hiraldo, Esq.,** (MHiraldo@Hiraldolaw.com), Hiraldo. P.A., 401 E. Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301, either via transmission of Notices of Electronic Filing generated by CM/ECF or by E-mail and U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, this 25th day of March, 2021.

        /s/  Johanna E. Sheehe
        ATTORNEY